IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAFETY NATIONAL CASUALTY )
CORPORATION, )
 )
              Plaintiff, )
 )
v. ) No. 06 C 863
 )
DOMINICK'S FINER FOODS, INC. OF )
ILLINOIS, )
 )
              Defendant. )

MEMORANDUM OPINION AND ORDER

Two days ago Safety National Casualty Corporation ("Safety National") filed a Notice of Removal (a copy of which was delivered to this Court's chambers yesterday), by which it seeks to bring this action--one in which <u>it</u> has sued Dominick's Finer Foods, Inc. of Illinois--from the Circuit Court of Cook County to this federal district court. Together with its exhibits the Notice is fully three inches thick, but it requires only a moment's thought and a straightforward reading of the basic removal statute, 28 U.S.C. §1446(a)(emphasis added),[1] to see that the attempted removal is totally ill-conceived:

> (a) A <u>defendant or defendants</u> desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process,

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

pleadings, and orders served upon such defendant or
defendants in such action.

Fully 65 years ago the Supreme Court held, in a short unanimous opinion, that Congress meant what it said when it limited removal to defendants, so that a plaintiff was barred from undertaking the removal of a case on the premise that it had been targeted by a counterclaim in a state court action that it had brought (Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 106-09 (1941)). There has been no relevant change in the statute in the intervening years (see 16 Moore's Federal Practice §107.11[1][b][ii](3d ed. 2005)), and Safety National is in exactly the same posture as that of the unsuccessful removing plaintiff in Shamrock.

In candor, there is no excuse for the attempted removal here, even apart from the damage to the environment caused by the killing of enough trees to generate multiple copies of the Notice and its exhibits. Safety National's counsel ought to be properly embarrassed by their failure simply to have read the controlling statute and, had they done so, by their failure to have engaged in the minimal amount of research that the restrictive language of the statute plainly required--research that literally occupied less than two minutes of this Court's time in turning first to Moore's and thence to Shamrock. Counsel would then have been spared the waste of time expended in their preparation, assemblage and filing of the bulky and groundless Notice and

2

exhibits, and this Court would have been spared the modest (though frustrating) effort of having to generate this opinion. As an equally modest price for counsel's failure, they are ordered (1) to send a copy of this opinion to their client, (2) to make no charge to their client for the time and expense devoted to their aborted effort at removal and (3) to send to this Court's chambers (purely for informational purposes--not of course for filing) a copy of the letter to their client advising that no charge is being made.

In sum, it is an understatement to employ the language of Section 1447(c) that "it appears that the district court lacks subject matter jurisdiction"--that appearance is rather a downright certainty. Accordingly, as Section 1447(c) directs, this Court orders that the case be remanded. And as permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 17, 2006